IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00116-F

| | | |
|---|---|---|
| FIKISHA A. MEADOWS, | ) | |
|     Plaintiff/Claimant, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-39] of United
> States Magistrate Judge Robert B. Jones, Jr.; and
> (2) the parties' cross Motions for Judgment on the Pleadings [DE-30, -36],
> pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The matter has been fully briefed and is now ripe for ruling. For the reasons addressed below, the court ADOPTS in part the findings and recommendations of the Magistrate Judge. Plaintiff's Motion for Judgment on the Pleadings [DE-30] is ALLOWED, and Defendant's Motion for Judgment on the Pleadings [DE-36] is DENIED. This case will be REMANDED to the Commissioner for further proceedings consistent with this order.

## I. Discussion

### A. Magistrate Judge's M&R

#### 1. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a

*de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On August 22, 2016, the Magistrate Judge issued a M&R recommending that Plaintiff's Motion for Judgment on the Pleadings [DE-30] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-36] be ALLOWED, and the Commissioner's final decision be AFFIRMED. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. On September 6, 2016, Plaintiff filed Objections [DE-40] to the Magistrate Judge's M&R.

**2. Plaintiff's Objections**

**a. The ALJ and the Magistrate Judge committed error at step five in the sequential evaluation.**

Plaintiff initially argues that the Magistrate Judge erred in concluding that evaluation of the opinion evidence by the Administrative Law Judge ("ALJ") was "harmless." *See* Objections [DE-40] at 1. With respect to the residual functional capacity ("RFC") finding, the ALJ found that Plaintiff was able to only *occasionally reach overhead with the left upper extremity. Id.*(citing R. 26). The ALJ later found that Plaintiff could perform four representative jobs, as identified by the vocational expert ("VE") and as defined by the Dictionary of Occupational

2

Titles ("DOT"). *Id.* (citing R. 33). According to Plaintiff, each of the four jobs requires "frequent" reaching. *Id.* at 1-2. Plaintiff concludes that this creates an apparent conflict between the VE's testimony and the DOT. *Id.* at 2.

At the outset, the court notes that it does not appear the Magistrate Judge had the opportunity to address this specific argument. Even so, in the Fourth Circuit, a party is permitted to raise a new argument in his objections before a district judge. *See United States v. George,* 971 F.2d 1113, 1118 (4th Cir. 1992) ("[A]s part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."). Despite the fact that Plaintiff's argument is new, this court will address Plaintiff's first objection.

A review of the record reveals that at step three in the sequential evaluation, the ALJ determined that Plaintiff had the RFC to perform sedentary work[1], but she was limited to only occasional climbing of stairs or ramps; occasional bending/balancing, stooping, crawling, kneeling, or crouching; never climbing ladders ropes or scaffolds; *occasional overhead reaching with the left upper extremity*; no more than frequent in all other directions with the left upper extremity; simple routine repetitive tasks; avoid concentrated exposure to cold and moisture; occasional push and pull with the lower extremities; no jobs requiring the use of foot pedals with the left foot. (R. 26) (emphasis added).

---

[1] Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a); *see also* SSR 83-10, 1983 WL 31251, at *5 (defining sedentary work).

3

At the last step of the sequential evaluation, step five, the ALJ found that Plaintiff could perform the following jobs: order clerk, inspector, scheduler, and a cleaner. (R. 33.) The ALJ noted that he was relying on the testimony of the VE. *Id.* The ALJ further noted that pursuant to SSR 00-4p, he determined that the VE's testimony was consistent with the information contained in the DOT. *Id.* This court disagrees.

The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), the DOT's companion publication that is published by the Department of Labor, provides that the jobs the VE testified Plaintiff could perform require reaching "frequently[2]." SCO as Defined in the Revised DOT Titles, §§ 07.04.02, 06.03.02, 07.04.04, 07.07.02 (Dept. of Labor 1993); *see* DOT §§ 209.567-014, 739.687-182, 237.367-010, 209.687-022 (Dept. Of Labor 1977). Thus, there is an apparent conflict between the VE's testimony that Plaintiff could work as an order clerk, inspector, scheduler, and a cleaner (R. 33) with the restriction of only *occasional overhead reaching with the left upper extremity* (R. 26) and the DOT's requirement that these jobs include *frequent reaching*. The apparent conflict between the VE's testimony and the DOT is significant because SSR 00-4p places an affirmative duty on the ALJ to elicit a reasonable explanation from the VE regarding any "apparent unresolved conflict" between the VE's testimony and the DOT before relying on the VE to support a disability decision. SSR 00-4p, 2000 WL 1898704, at *2, 4.

In sum, there is an apparent conflict between the VE's testimony that Plaintiff could work as an order clerk, inspector, scheduler, and a cleaner with the restriction of only *occasional*

---

[2] The term "frequently" is defined as an "[a]ctivity or condition [that] exists from 1/3 to 2/3 of the time." SCO as Defined in the Revised DOT Titles, App. C.

4

*overhead reaching with the left upper extremity.* Because the Magistrate Judge recommended affirming the Commissioner's final decision, this court declines to fully adopt the Magistrate Judge's M&R.

## II. Conclusion

In light of the foregoing, and upon *de novo* review of the portions of the Magistrate Judge's M&R to which specific objections were filed, the court ADOPTS in part the findings and recommendations of the Magistrate Judge [DE-39]. The court concludes that the ALJ's error at step five requires remand of this matter. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [DE-30] is ALLOWED, and Defendant's Motion for Judgment on the Pleadings [DE-36] is DENIED. This case is REMANDED to the Commissioner for further proceedings consistent with this order. The Clerk is DIRECTED to close this case.

SO ORDERED.

This, the 21 day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge